**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOB DEAN, JR., ET AL.** | **NO. 23-19-SDD-SDJ** |

**STATUS REPORT**

**A.    JURISDICTION**

This action arises under the "Double Damages Statute," 12 U.S.C. § 1715z-4a. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345. This Court has personal jurisdiction over Defendants because they own property and/or transact business within with the Middle District of Louisiana.

**B.    BRIEF EXPLANATION OF THE CASE**

**1. Plaintiff's claims:**

The United States, through the Department of Housing and Urban Development ("HUD"), seeks to promote the housing, health, and care of seniors residing in nursing home facilities through beneficial financing options wherein HUD insures lenders against loss and default to encourage lenders to finance covered projects. Owners of nursing homes who obtain FHA-insured loans, and operators they hire to operate the nursing home projects, along with the lender who finances the projects, enter into regulatory agreements that set forth requirements for the operation of the project, and restrict the use of project funds per regulatory terms and conditions. To encourage compliance with the regulatory agreements, HUD may recover double the value of any assets or income used in violation of those regulatory agreements. 12 U.S.C. § 1715z-4a(c).

Here, Defendants Bob Dean, Jr. and his related business entities entered into such agreements related to four (4) specific nursing homes: Maison De'Ville Nursing Home (Houma); Maison De'Ville Nursing Home of Harvey; Maison Orleans; and West Jefferson Health Care. The Defendants served as both owners and operators of those facilities. The Plaintiff's claims arise out of Defendants' failure to comply with the terms and conditions of those FHA regulatory agreements. The violations of the regulatory agreements and other HUD regulations relate to the misuse of project income and assets.

2. **Defendants' claims:**

Defendants, Houma Property Holding, Co., LLC, Harvey Property Holding Co., LLC, Property Holding Co. of Crescent City, LLC, West Jefferson Property Holding, Co., LLC (the "Defendant Holding Companies") are not "persons" as defined by 12 U.S.C. § 1715z-4a. Therefore, Plaintiff's claims against the Defendant Holding Companies are barred to the extent that the Defendant Holding Companies do not meet the definition of "persons" as defined by 12 U.S.C. § 1715z-4a.

Moreover, Defendants, Bob Dean, Jr., the Defendant Holding Companies, Maison De'Ville Nursing Home of Harvey, LLC, Uptown Healthcare Center, LLC and St. Elizabeth's Caring, LLC, acted in good faith and at all relevant times complied with HUD regulations and the terms and conditions of the FHA regulatory agreements. Project income and assets were used appropriately and according to HUD regulations and the terms and conditions of the FHA regulatory agreements. At all relevant times, appropriate policies and procedures were in place to ensure compliance with all applicable laws and regulations.

**C. PENDING MOTIONS**

There are no motions pending at this time.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

**Plaintiff:**

1. The nature and extent of "rent" monies that were paid by each of Mr. Dean's respective nursing homes to him or related corporate entities, and whether expenses incurred were reasonable and necessary.

2. The nature and extent of money borrowed by Dean and his ownership entities from project "reserve for replacement accounts," and whether Dean complied with terms and conditions set forth by HUD concerning the repayment of the borrowed money.

3. The nature, extent, and permissibility of post-storm "sweeps" of restricted accounts governed by DACAs, DAISAs, and security agreements. The nature, extent, and permissibility of Dean's post-hurricane transfers of project funds to his personal and business accounts.

**Defendants:**

1. Whether Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

2. Whether the Defendant Holding Companies, Houma Property Holding, Co., LLC, Harvey Property Holding Co., LLC, Property Holding Co. of Crescent City, LLC, West Jefferson Property Holding, Co., LLC, are "persons" as defined by 12 U.S.C. § 1715z-4a.

3. Whether Plaintiff's claims are barred to the extent it is show that the Defendant Holding Companies do not meet the definition of "persons" as defined by 12 U.S.C. § 1715z-4a.

4. Whether Defendants' actions violated the applicable HUD rules and regulations.

5. Whether Defendants' actions violated any FHA regulatory agreements.

**E.  DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

### 1. **Plaintiff's calculation of damages:**

The United States asserts that Defendants misused project income and assets in violation of FHA regulatory agreements and HUD regulations. Therefore Defendants are liable for civil penalties pursuant to 12 U.S.C. § 1715z-4a, referred to as the "double damages statute." The United States is entitled to recover "double the value of the assets and income of the property that the court determines to have been used in violation of the Regulatory Agreement." 12 U.S.C. § 1715z-4a(c).

Here, the United States alleges misuse of project income and assets of approximately $4,000,000 in violation of regulatory agreements and HUD regulations. Therefore, the United States would be entitled to recover double that value pursuant to 12 U.S.C. § 1715z-4a.

### 2. **Defendants' calculation of offset and/or plaintiff's damages:**

Defendants assert that the $4,000,000 in project income and assets was used in accordance with the FHA regulatory agreements and HUD regulations. As such, Defendants are not subject to penalties pursuant to 12 U.S.C. § 1715z-4a (i.e., "double damages statute").

Moreover, the Defendant Holding Companies, Houma Property Holding, Co., LLC, Harvey Property Holding Co., LLC, Property Holding Co. of Crescent City, LLC, West Jefferson Property Holding, Co., LLC, are not "persons" as defined by 12 U.S.C. § 1715z-4a, and therefore, are not subject to double damages.

**F.     SERVICE:**

All parties have been served.

**G.     DISCOVERY**

    1.    Initial Disclosures:

        A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES    [ X ] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

        B.    Do any parties object to initial disclosures?

[ ] YES    [ X ] NO

For any party who answered *yes*, please explain your reasons for objecting.

    2.    Briefly describe any discovery that has been completed or is in progress:

**By Plaintiff(s):** At this time, no discovery has been served by the United States upon Defendants in this matter.

**By Defendant(s):** At this time, no discovery has been served by the Defendants upon the United States in this matter.

    3.    Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

None anticipated at this time.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

**By Plaintiff(s):**

    i. Expert testimony relevant to any disputed issue of fact or law uncovered during discovery as well as calculation of damages.

**By defendant(s):**

    ii. Expert testimony relevant to any disputed issue of fact or law uncovered during discovery as well as calculation of damages.

H. PROPOSED SCHEDULING ORDER

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: June 8, 2023.

2. Recommended deadlines to join other parties or to amend the pleadings: July 20, 2023.

3. Filing all discovery motions and completing all discovery except experts: March 29, 2024.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff(s): April 26, 2024.

    Defendant(s): May 24, 2024.

5. Exchange of expert reports:

    Plaintiff(s): July 19, 2024.

    Defendant(s): August 16, 2024.

6. Completion of discovery from experts: January 17, 2025.

7. Filing dispositive motions and Daubert motions: <u>March 21, 2025</u>.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

    a. Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

    b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

**I.    TRIAL**

    1.    Has a demand for trial by jury been made?

                [X]  YES    [ ] NO

    2.    Estimate the number of days that trial will require.

        **Plaintiff:** 5 days

        **Defendant:** 5 days

**J.    OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

                [ ] YES    [X] NO

    i.    If the answer is *yes*, please explain:

    ii.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

                [X]  YES    [ ] NO

**K.    SETTLEMENT**

    1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

The parties are discussing possible resolution of the claims.  Defendants are gathering financial information to submit for consideration of a settlement based on Defendants' ability to pay.

    2.    Do the parties wish to have a settlement conference:

                [X]  YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

**Plaintiff:** Upon the close of expert discovery.

**Defendant:** Upon the close of expert discovery.

L. **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: <u>May 25, 2023</u>

                                       UNITED STATES OF AMERICA, by

                                       RONALD C. GATHE, JR.
                                       UNITED STATES ATTORNEY

                                       <u>/s/ Davis Rhorer Jr.</u>
                                       Davis Rhorer Jr., LBN 37519
                                       Assistant United States Attorney
                                       777 Florida Street, Suite 208
                                       Baton Rouge, Louisiana  70801
                                       Telephone: (225) 389-0443
                                       Fax: (225) 389-0685
                                       E-mail: davis.rhorer@usdoj.gov